Argued and submitted May 10, at Pendleton, Oregon, affirmed June 19, 1991

Eva A. KASCH,
*Plaintiff,*

*v.*

Leslie Maynard BLACK,
and Leonardo Truck Lines, Inc.,
*Defendants.*

Leslie Maynard BLACK,
*Third-Party Plaintiff - Appellant,*

*v.*

Eva A. KASCH,
*Third-Party Defendant - Respondent.*

(CV 89-0426; CA A66351)

813 P2d 1068

Timothy J. O'Hanlon, Pendleton, argued the cause for appellant. On the brief were W. Eugene Hallman and Mautz Hallman, Pendleton.

Brant M. Medonich, Pendleton, argued the cause for respondent. With him on the brief were Kottkamp & O'Rourke, Pendleton, and Warner V. Wasley, La Grande.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Third-party plaintiff (plaintiff) appeals the judgment on a verdict in favor of third-party defendant (defendant)[1] in this action arising out of a vehicle accident in which plaintiff's truck struck defendant's car from behind. Plaintiff's theory of the case was that he struck the car because defendant was moving erratically between the right lane and the right shoulder of the two-lane highway and drove back into the right lane and "all but stopped" in front of his truck just before the collision. Defendant's theory was, in essence, that she was driving properly and plaintiff was driving too fast and was not maintaining control of the truck or a proper lookout. After the collision, a truck that was traveling behind him struck plaintiff's truck, and both of them jackknifed.

Defendant called Eldon Powers as a witness. He is a safety supervisor and fleet manager for a trucking company.[2] Apparently by sheer coincidence, Powers arrived at the accident scene after the collision, while the participants and the vehicles were still there. He observed the scene for approximately 15 to 30 minutes, but performed no investigatory activity other than visual observation. Defendant did not attempt to qualify him as an expert witness. Plaintiff contends that the court erred in allowing Powers to give an opinion in response to two questions; plaintiff maintains that both answers related the witness' opinion about the cause of the accident and the fault of the parties and was inadmissible under OEC 701.

Because our decision turns on the precise wording of Powers' testimony, we set out the testimony and the colloquy quoted in plaintiff's assignments in full. In his first assignment, plaintiff quotes:

"Q [By defendant's attorney]: Based upon your experience in investigating the scene, did you arrive at an opinion as to what occurred?

"[Plaintiff's attorney]: I'm going to object. This individual can't give an opinion in regard to this. He's not an expert. He admits he's not a professional investigator. There's a

---

[1] The principal action was settled, and it is not involved in this appeal.

[2] He is not affiliated with Leonardo Truck Lines, Inc., the trucking company involved here.

professional investigator that investigates the accidents and also it's an opinion. That's in the realm of the jury to decide.

"THE COURT: I'm going to overrule the objection under the present rules. It's a matter for the jury to weigh the skills of the person and grant what weight they wish to view it. Overruled.

"[Defendant's attorney]:   Thank you, Your Honor.

"Q   Based upon what you witnessed at the scene, what was your opinion as to the cause of the accident?[3]

"A   It looked as though the—all right, the car is number one, first truck is number two, the third truck is number three, of course—or the second truck is number three. Truck two hit car one in the back and obviously truck two or the third vehicle, was following too close and hit the back end of the truck that had hit the car. And then [truck two] jack-knifed and my observation is that obviously if there was a problem, per se, the driver of the truck should have seen what was going on in front and taken evasive action.

"And also in our company we have a—we school the drivers on what's called piggybacking or following too close, one truck on top of another, and evidently that's what took place because there should have been room enough in there for the back truck to stop before it hit the front truck. And that's the way it looked to me when it came down."

The second assignment recites:

"Q   [By defendant's attorney]:   As far as you mentioned evasive action, what type of evasive action should have taken place here?

"[Plaintiff's attorney]:   I'm just going to renew my objection.

"THE COURT: I'm going to overrule it. You may continue.

"THE WITNESS:   If there was a problem, with per se, car in front, the driver is supposed—our drivers—I'll go like—we tell our drivers you're supposed to slow down and move to the other lane or evaluate the situation before you make a move and in order to avoid an accident.

---

[3] The parties make no point of the fact that the question asked after the court's ruling differed significantly from the first question and that no new objection was made. Therefore, we also will make no point of it.

"Q    So the proper procedure would have been either slow down or wait until something happens or go around?

"A    Certainly, and you want to watch it when you go around a vehicle because you can only assume what the driver is going to do — of the vehicle. You have to, like I said, evaluate the situation that takes place. You don't know exactly what's happening to the driver up front. Could be heart attack, could be alcohol, drugs, et cetera, so forth, so you slow down, and then make your judgment and then move around. But under no circumstances do you crowd a vehicle in front of you."

Plaintiff argues that the testimony improperly communicated the opinion of the witness on the "ultimate" question of the cause of the accident. According to plaintiff, that opinion was that the collision between the parties resulted from plaintiff's failure "to keep a proper lookout, failure to take evasive action and following too close." Defendant responds, candidly:

"This testimony did not state a cause of accident. While the question may have begged an opinion as to the cause of the accident, the answer was fortunately unresponsive in that it merely told what the witness observed at the scene and what he instructed truck drivers in his company to do if faced with a similar situation. Other than that there was no testimony as to who caused the accident." (Footnotes omitted.)

■    We agree, at least with respect to the testimony with which the first assignment of error is concerned. Powers did not respond to the question asked — about the cause of the accident between the parties — but instead launched into an explanation of why the second truck hit plaintiff's truck. That testimony had no bearing on the ultimate issue in the case or, indeed, on any issue in the case.[4] Assuming that the *question* was objectionable, *but see* note 3, *supra,* there was nothing in the nonresponsive *answer* that could have been prejudicial to plaintiff.

■    In the testimony that plaintiff's second assignment challenges, Powers did not state directly that either party was

---

[4] The driver of the second truck was not a party. If any theory was advanced to the effect that his negligence, rather than any negligence on the part of defendant, was the cause of plaintiff's injuries, plaintiff does not argue that that theory is relevant to the issues on appeal.

at fault. Indeed, everything that he suggested that plaintiff should have done was contingent on whether defendant was driving negligently. The testimony was hypothetical in nature, and its relevance to and effect on this case depended on which party's version of the events the jury believed from the other evidence. Moreover, Powers' testimony about "evasive action" substantially duplicated that of the investigating police officer, which was given in response to questions from both counsel and which was objected to by neither. If there was any error in the admission of the testimony, it, too, was harmless.

Affirmed.